IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Charlotte Ann Smith, ) | |
| ) | Civil Action No. 0:10-3168-JFA-JRM |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Bank of America, NA, as Successor by Merger ) | |
| La Salle Bank NA as Trustee for Certificate holder ) | |
| of EMC Mortgage Corporation, Loan Trust ) | |
| 2005-A- Mortgage Loan Pass Through Certificates ) | **REPORT AND RECOMMENDATION** |
| Series 2005-A; EMC Mortgage Corporation, and ) | |
| Parent Companies; The Bear Stearns Companies ) | |
| LLC; JP Morgan Chase & Companies; Guardian ) | |
| Fidelity Mortgage, Inc.; Guardian President and ) | |
| CEO Howard H. Wright, Jr.; Guardian Assistant ) | |
| Manager Stacy Youngblood; Guardian Chairman ) | |
| of the Board John Good; Guardian Member ) | |
| Owners/Shareholder/Stockholders, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is one of several cases filed by Plaintiff, Charlotte Ann Smith ("Smith") and her sister, Mary Joe Moore ("Moore"), after they defaulted on loans on highly leveraged real estate holdings in York County South Carolina. In this case Smith is suing entities and individuals involved with loans on her property located at 4986 Mt. Gallant Road, Rock Hill, South Carolina. Pretrial matters in this case were referred to the undersigned pursuant to 28 U.S.C. § 636, Local Civil Rule 73.02(B)(2)(e) and 73.02(C)(6) DSC as Smith is proceeding *pro se*.

**1. Motion to Dismiss**

On December 28, 2010, Defendants moved to dismiss this action pursuant to Rule 41(a)(2), Fed.R.Civ.P., because they believed Smith's actions expressed an intent to abandon the present case. The rule cited by Defendants applies to voluntary dismissal by a plaintiff.

The record shows that Smith originally filed this case in the Court of Commons Pleas for York County on November 19, 2010. An Amended Complaint was filed on November 20, 2010. Defendants removed the case to this Court on December 14, 2010 based on federal question jurisdiction. Smith filed a Second Amended Complaint in state court on December 17, 2010, apparently before she received the removal notice. Smith filed a motion to dismiss her Second Amended Complaint in state court on December 21, 2010.

Defendants assert that Smith's filing of her motion to dismiss her Second Amended Complaint in state court manifests her intent to abandon her case. Smith's filing of multiple complaints and making illogical motions is not limited to this case.[1] She has exhibited a pattern of such motions for reasons known only to herself. In any event, Smith has made it abundantly clear that she has no intention of abandoning her case against these Defendants. It is, therefore, recommended that Defendants' motion to dismiss be denied.

**2. Remand**

On June 3, 2011, Smith filed a "Motion Request." Although this pleading presents a rambling discussion of dissatisfaction with this Court's decisions in this case and her other cases, Smith clearly moves that the within case be remanded to state court. Defendants filed responses to Smith's "Motion Request" and Smith filed a "Response to Defendant's Response to Plaintiff Smith's Motion" dated May 31, 2011 on June 24, 2011.

Pursuant to 28 U.S.C. § 1447(c), a plaintiff may move to remand a case to state court based on any defect in the removal process or a lack of subject matter jurisdiction. Smith appears to assert

---

[1] Aloe Creme Laboratories, Inc. V. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.).

2

that this case should be remanded because she has yet another case pending in state court involving these Defendants that she wishes to consolidate with this case, and "because the Federal Court does not recognize pain and suffering for punitive damages."[2] (Motion Request, p. 3). Neither of these reasons is a sufficient basis to obtain an order of remand. Smith alleges numerous violations of federal law giving this Court subject matter jurisdiction. She has pointed to no defect in process entitling her to remand. It is, therefore, recommended that insofar as Smith has moved for remand, her motion should be denied.

### 3. Recusal

In her "Motion Request," Smith generally talks about fairness and seeks "all Federal Judges, including Judge McCrorey to be removed from Case No. 0:10-3168-JFA-JRM - she requests a NEW TEAM." (Motion Request, p. 3) (emphasis in original). In her later response, Smith makes it clear that she wants recusal of the Honorable Joseph F. Anderson, Jr., United States District Judge from this case.

Under section 455, a judge must recuse himself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b). The inquiry is an objective one, focusing on whether an outside observer with knowledge of all of the circumstances might have some reasonable basis for questioning the judge's impartiality. *See* United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Morris, 988 F.2d 1335, 1337 (4th Cir. 1993)(citing Rice v. MacKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978)). When

---

[2]Smith is clearly wrong because punitive damages may be awarded in this Court if allowed by law.

no reasonable basis exists for questioning the judge's impartiality, it is improper for a judge to recuse. United States v. Glick, 946 F.2d 335, 336-37 (4th Cir. 1991).

Absent extraordinary circumstances, the source of the appearance of impropriety must be non-judicial. Grinnell, 384 U.S. at 583; Morris, 988 F.2d at 1337 (citing *In re* Beard, 811 F.2d 818, 827 (4th Cir. 1987). In other words, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. at 583 (citing Berger v. United States, 255 U.S. 22, 31(1921)).

Smith's reasons for seeking recusal appear to rest on perceived unfairness in the decisions reached in this case and her other cases. She alludes to judicial decisions reached by the Court which were unfavorable to her. She has produced no evidence of partiality or personal bias or prejudice. It is, therefore, recommended that Smith's motion for recusal be denied.

## **Conclusion**

Based on a review of the record, it is recommended that Defendants' motion to dismiss be **denied**. It is further recommended that Plaintiff's motion to remand and Plaintiff's motion for recusal be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
August 16, 2011

**The parties are referred to the Notice Page attached hereto.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).